UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| JULIE WRIGHT, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 3:17-CV-324-JRG-DCP |
| CELLULAR SALES MANAGEMENT, GROUP, LLC, | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Plaintiff's Motion to Strike Portions of Defendant's Motion for Summary Judgment ("Motion to Strike") [Doc. 37]. Defendant filed a Response [Doc. 42] in opposition to the Motion. The Motion is ripe for adjudication. Accordingly, for the reasons further explained below, Plaintiff's Motion to Strike [**Doc. 37**] is **DENIED**.

## **I. POSITIONS OF THE PARTIES**

In her Motion, Plaintiff requests that the Court strike the following: (1) paragraph four of the Declaration of Patrick Hayes; (2) paragraph nine of the Declaration of Adrienne Giles; (3) paragraphs five and eight of the Declaration of Rina Gimple; and (5) paragraph six of the Declaration of Brad Hillis. Plaintiff argues that the above paragraphs in the declarations should be stricken pursuant to Federal Rule of Civil Procedure 56 and Sixth Circuit case law. Specifically, Plaintiff argues that the statements contained in the declarations rest upon the declarants' beliefs rather than specific facts. Plaintiff maintains that the declarants' statements are mere speculation. In addition, Plaintiff asserts that the statements in the declarations should be stricken pursuant to

Federal Rules of Evidence 403 and 701.  Plaintiff argues that the declarants' statements are conclusionary and not helpful to the jury.

Defendant responds [Doc. 42] that a motion to strike only applies to pleadings, but the Court may disregard declarations if the statements contained therein are not in accordance with Rule 56(c)(4).  Defendant argues that Plaintiff's Motion should be denied because it seeks an advisory opinion about what witnesses may testify to at trial.  Defendant contends that, other than the statements made in paragraph four of Patrick Hayes's Declaration, it does not rely on any of the challenged statements in support of its Motion for Summary Judgment.  Specifically, Defendant maintains that the remaining statements that are the subject of Plaintiff's Motion are neither cited nor relied upon in Defendant's Statement of Undisputed Material Facts or its Memorandum of Law in Support of Summary Judgment.  Defendant states that these portions of the declarations cannot affect Defendant's Motion for Summary Judgment, and therefore, the issues raised as to those portions are moot.

In addition, Defendant asserts that Plaintiff waived her objections by not raising them in her response in opposition to the Motion for Summary Judgment.  Further, Defendant states that it has no objection to the Court disregarding paragraphs five and eight of the Declaration of Rina Gimple.  With respect to the statements contained in the Declarations of Patrick Hayes, Adrienne Giles, or Brad Hillis, Defendant argues that their statements are supported by their personal knowledge of Plaintiff's demeanor and social practices at work and that their opinions are based on their own perceptions and observations while working with Plaintiff.  Defendant further contends that the statements in the above declarations do not violate Rule 403.  Defendant states that the jury cannot be unfairly prejudiced by the statements because the statements were made to

support its Motion for Summary Judgment. Further, Defendant argues that such statements are not prejudicial.

## II. ANALYSIS

The Court has considered the parties' filings, and for the reasons explained below, the Court finds Plaintiff's Motion to Strike [**Doc. 37**] not well taken, and the same is **DENIED**.

As an initial matter, the Court notes that Plaintiff has requested that the Court strike certain statements made in the declarations. As several courts have noted, "A motion to strike is technically not available for motions for summary judgment and the attachments thereto." *Loadman Grp., L.L.C. v. Banco Popular N. Am.*, No. 4:10CV1759LIO, 2013 WL 1154528, at *1 (N.D. Ohio Mar. 19, 2013) (citing *Adams v. Valega's Prof. Home Cleaning*, *Inc.*, No. 1:12CV0644, 2012 WL 5386028, at *2 (N.D. Ohio Nov. 2, 2012)); *see also* Fed. R. Civ. P. 56(c) ("A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence."). Thus, the Court will consider whether the challenged statements in the declarations should be disregarded, as opposed to the statements being stricken.[1]

As mentioned above, Plaintiff has challenged specific paragraphs in the following individuals' Declarations: Patrick Hayes, Adrienne Giles, Rina Gimple, and Brad Hillis. In response to Plaintiff's Motion, Defendant submits that it does not rely on the challenged statements contained in the Declarations of Adrienne Giles, Rina Gimple, and Brad Hillis. Specifically, Defendant states that such statements are "neither cited nor relied upon in Defendant's Statement

---

[1] The Court notes Defendant has also objected to the timeliness of Plaintiff's Motion. Specifically, Plaintiff filed her response in opposition to the Motion for Summary Judgment on September 5, 2018, but did not file the instant Motion until September 12, 2018. Although Plaintiff did not respond to Defendant's argument, the Court finds it need not address whether Plaintiff's Motion is untimely, given that the Court will deny the Motion on the merits.

3

of Undisputed Material facts or its Memorandum or Law in Support of Summary Judgment." [Doc. 42 at 3]. Defendant argues that Plaintiff's arguments with respect to these statements are moot. The Court agrees with Defendant's position. Because Defendant does not rely on such statements in support of its Motion for Summary Judgment, the Court finds Plaintiff's arguments moot with respect to the Declarations of Adrienne Giles, Rina Gimple, and Brad Hillis.

Plaintiff also objects to paragraph four of Patrick Hayes's Declaration, which states as follows:

> Ms. Wright was not a very social person. She was very quiet and stuck to herself in her cubicle. She does not communicate well with other people in the Quality Assurance Department.

[Doc. 32-1 at 98, ¶ 4].

Plaintiff argues that Hayes does not mention any specific incidents or written documentation to support his statement that Plaintiff was not a social person or stuck to herself. Further, Plaintiff states that his statements violate Rule 701 because Hayes fails to state any rational basis for his claims and Hayes's opinion is not helpful to the jury.

Rule 56(c) governs the admissibility of statements contained in declarations summited to support or oppose a motion for summary judgment. Specifically, Rule 56(c)(4) states as follows:

> **(4) *Affidavits or Declarations*.** An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

Further, Rule 701 requires that testimony of a lay witness be "rationally based on the witness's perception" and "helpful to clearly understanding the witness's testimony or to determine a fact in issue." The Court finds that Hayes is not required to support his statement with a specific incident or written document. The Rules do require, however, that his testimony be

4

based on his personal knowledge. Fed. R. Evid. 701. Plaintiff argues that Hayes's Declaration does not establish that he has personal knowledge of the statements therein. The Court disagrees.

The Southern District of Ohio has explained the personal knowledge requirement in context of a declaration as follows: "[It] must be evident from the affidavit that the facts contained therein are based on personal knowledge." *Peirano v. Momentive Specialty Chemicals, Inc.*, No. 2:11-CV-00281, 2012 WL 4959429, at *7 (S.D. Ohio Oct. 17, 2012) (quoting *Reddy v. Good Samaritan Hosp. & Health Ctr.*, 137 F. Supp. 2d 948, 956 (S.D. Ohio 2000)) (other citations omitted). "Although the affidavit, ideally, will expressly state the basis for the facts, in some instances, personal knowledge may be inferred from the content of the statements." *Id.* (quoting *Reddy*, 137 F. Supp. 2d at 956) (other citations omitted).

In his Declaration, Patrick Hayes states that he was employed for Defendant and that he worked a few cubicles over from Plaintiff. [Doc. 32-1 at 98, ¶¶ 2-3]. The Court finds Hayes's personal knowledge regarding Plaintiff's social skills and ability to communicate can be inferred given that he worked in close proximity of Plaintiff. [*Id.* at ¶ 2]. *See Periano*, 2012 WL 4959429, at *8 (finding it proper for the affiants to indicate, based on their perceptions of plaintiff's supervisor's conduct, as to whether such conduct was unprofessional or offensive) . Accordingly, based on the contents of Patrick Hayes's Declaration, the Court can infer that his opinions in paragraph four are rationally based on his own perception.

Finally, Plaintiff argues that Hayes's opinions have no bearing upon the issues in this case and that Hayes's statements unfairly prejudices the jury by suggesting Plaintiff is anti-social. In their dispositive filings, the parties have raised the issue of Plaintiff's ability, or lack thereof, to communicate. Thus, the Court declines to find that the statements in paragraph four of Hayes's

Declaration are irrelevant at this stage. With respect to Plaintiff's latter argument regarding prejudice, the Court finds that such an argument is better raised in a motion in limine.

## III. CONCLUSION

Accordingly, for the reasons noted above, the Court **DENIES** Plaintiff's Motion to Strike Portions of Defendant's Summary Judgment Evidence [**Doc. 37**].

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge